IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

DOUGLAS SHARRON PIGGEE,

    Plaintiff,

v.                                                  Civil Action No. 2:07cv8
                                                (Judge Maxwell)

C. OLINGER, S.I.A. ANTONELLI,
LT. ODDO, LT. TRATE, FOSTER,

    Defendants.

## OPINION/REPORT AND RECOMMENDATION
## ON PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF

The *pro se* plaintiff initiated is case on January 30, 2007, by filing a civil rights complaint against the above-named defendants. In the complaint, the plaintiff asserts that he was assaulted by Officer Olinger on September 16, 2006. Since that time, the plaintiff has filed administrative grievances regarding the incident to S.I.A. Antonelli, but has not received a response. Furthermore, the plaintiff asserts that the defendants have deliberately impeded his efforts to exhaust his administrative remedies in an attempt to cover up the assault, and have retaliated against him by writing false reports, tampering with his mail, denying him access to the courts and various other forms of unnecessary harassment. As relief, the plaintiff seeks compensatory damages and the costs of this litigation.

At the same time that the plaintiff initiated this case, he also filed a motion for temporary restraining order and for a preliminary injunction. In the motion, the plaintiff asserts that because of the retaliatory actions of the defendants, he fears for his safety. Therefore, the plaintiff requests the Court issue a temporary restraining order or preliminary injunction to ensure that he is not assaulted or retaliated against any more and to preserve evidence of the assault.

The standard for granting injunctive relief in this Court is the balancing-of-hardship analysis set forth in Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189 (4th Cir. 1977). In making this analysis, the Court must consider the following four factors:

> (1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied,
>
> (2) the likelihood of harm to the defendant if the requested relief is granted,
>
> (3) the likelihood that the plaintiff will succeed on the merits, and
>
> (4) the public interest.

Direx Israel, Ltd v. Breakthrough Medical Corp., 952 F.2d 802, 812 (4th Cir. 1991) (citation omitted). The "[p]laintiff bears the burden of establishing that each of these factors supports granting the injunction." Id. (citation omitted).

A court will not grant a preliminary injunction unless the plaintiff first makes a "clear showing" that he will suffer irreparable injury without it. Id. The required harm "must be neither remote nor speculative, but actual and imminent." Id. (citations and internal quotation omitted). If such harm is demonstrated, the court must balance the likelihood of harm to the plaintiff if an injunction is not granted and the likelihood of harm to the defendant if it is granted. Id. (citation omitted). If the balance of those two factors "'tips decidedly' in favor of the plaintiff, a preliminary injunction will be granted if the plaintiff has raised questions going to the merits so serious, substantial, difficult and doubtful, as to make them fair ground for litigation and thus for more deliberate investigation." Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 359 (4th Cir. 1991) (citations omitted). However, "[a]s the balance tips away from the plaintiff, a stronger showing on the merits is required." Id. (citation omitted).

In his case, the plaintiff has failed to establish that he will suffer irreparable harm if an

injunction does not issue. Although the plaintiff fears further assault and retaliation, his claims are merely speculative and do not establish that he is in imminent danger of harm. Moreover, the plaintiff has not, as yet, established a likelihood that he will succeed on the merits of his claims. Accordingly, the undersigned recommends that the plaintiff's motion for injunctive relief (dckt. 4) be DENIED without prejudice.

Within ten (10) days after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Opinion/Report and Recommendation to the *pro se* plaintiff.

DATED: June 5, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE