# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA

**DOUGLAS SHARRON PIGGEE,**

    **Plaintiff,**

v.                                                               **Civil Action No. 2:07cv8**
                                                                                 **(Judge Maxwell)**

**C. OLINGER, S.I.A. ANTONELLI,**
**L. ODDO, LT. TRATE AND FOSTER,**

    **Defendant.**

## ORDER DIRECTING PLAINTIFF TO FILE LEDGER SHEETS

On June 29, 2007, the *pro se* plaintiff in this case was granted permission to proceed as a pauper. Moreover, pursuant to 28 U.S.C. § 1915, the plaintiff was directed to pay an initial partial filing fee of $22.31, but was assessed the entire $350 filing fee. Because the plaintiff is a federal prisoner, the Trust Officer at the plaintiff's place of incarceration was directed to pay the initial partial filing fee within 30 days of the date of the Order, and to make monthly payments on the remaining balance when funds exist. This case is now before the court on the plaintiff's response to that motion.

In his response, the plaintiff asserts that at the time the Court granted his motion to proceed *in forma pauperis*, and ordered that he pay the initial partial filing fee, the plaintiff had only $3.00 in his inmate account. Therefore, the plaintiff asserts that the assessed partial fee is beyond his means and requests the Court waive that fee and allow this case to proceed.

Upon a review of the plaintiff's financial documents, the Court notes that in his application to proceed without prepayment of the fees, the plaintiff asserts that he is not employed, that he has no assets, and that the only money he receives from outside sources is from an Aunt whom

occasional sends him $25.  See dckt. 2.  However, the summary of the plaintiff's trust fund activity supplied by the Bureau of Prisons ("BOP") shows that the plaintiff received over $600 to his inmate account in the six months prior to the filing of this action.  See dckt. 2.  Plaintiff's statements in his application and the summary provided by the BOP are clearly at odds.  Without a copy of the actual ledger sheets for the plaintiff's inmate account, the Court is simply not able to determine whether the assessed partial fee is beyond the plaintiff's means.

Accordingly, within **twenty (20) days** of the date of this Order, the plaintiff shall provide the Court with a copy of the *ledger sheets* from his prison account for the previous six months.  The failure to do so will result in the plaintiff's request to waive the partial fee being denied.

IT IS SO ORDERED.

The Clerk is also directed to mail a copy of this Order to the *pro se* plaintiff and to the Trustee Officer of the institution having custody of the plaintiff.

DATED: August13, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE