IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DOUGLAS SHARRON PIGGEE,**

    **Plaintiff,**

v.                                                                                          **2:07 CV 8**
                                                                                                **(Maxwell)**

**C. OLINGER, S.I.A. ANTONELLI,**
**L. ODDO, LT. TRATE AND FOSTER,**

    **Defendants.**

## ORDER

It will be recalled that on January 30, 2007, *pro se* Plaintiff Douglas Sharron Piggee initiated the above-styled civil action by filing a civil rights Complaint under 28 U.S.C. § 1331. Also filed by the Plaintiff on January 30, 2007, was an Application For Leave To Proceed Without Prepayment Of Fees and a Consent For Collection Of Fees From Trust Account.

It will further be recalled that the case was referred to United States Magistrate Judge John S. Kaull in accordance with LR PL P 83.02, *et seq.*, and 28 U.S.C. §§ 1915(e) and 1915A.

On February 5, 2007, the Clerk of Court issued a Notice Of Deficient Pleading to the Plaintiff wherein he was given thirty days in which to file a Prisoner Trust Account Report. The Plaintiff's Prisoner Trust Account Report was filed on June 27, 2007. An Order Granting IFP Status was entered by Magistrate Judge Kaull on June 29, 2007. Said Order gave the Plaintiff thirty days from the entry thereof in which to pay an initial partial filing fee in the amount of $22.31.

Thereafter, on August 8, 2007, the Plaintiff filed a response to Magistrate Judge Kaull's June 29, 2007, Order wherein he argued that an initial partial filing fee of $22.31

was beyond his means.  In an August 13, 2007, Order, Magistrate Judge Kaull noted that there was conflicting information in the Plaintiff's financial affidavit and the information provided by the Bureau of Prisons in the Prisoner Trust Account Report.  Accordingly, Magistrate Judge Kaull gave the Plaintiff twenty days in which to provide the Court with a copy of the ledger sheets from his prison account for the previous six months.  Magistrate Judge Kaull's August 13, 2007, Order expressly provided that a failure to provide the Court with a copy of said ledger sheets would result in the denial of the Plaintiff's request to waive the partial filing fee.

In an Order entered October 31, 2007, Magistrate Judge Kaull noted that the Plaintiff had failed to file the requested ledger sheets and had failed to request additional time to do so and, accordingly, denied the Plaintiff's request to waive the initial partial filing fee.  Magistrate Judge Kaull's October 31, 2007, order provided the Plaintiff with twenty days from the date thereof in which to pay the initial partial filing fee and advised the Plaintiff that a failure to do so would result in a recommendation that the above-styled civil action be dismissed for failure to prosecute.

On February 29, 2008, United States Magistrate Judge Kaull issued an Opinion/ Report And Recommendation wherein he recommended that the above-styled civil action be dismissed without prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  In this regard, Magistrate Judge Kaull noted that the Plaintiff had failed to pay the initial partial filing fee and had not requested additional time in which to do so or otherwise explained his reasons for noncompliance.

In his Opinion/Report And Recommendation, Magistrate Judge Kaull provided the Plaintiff with ten (10) days from the date of service of said Opinion/Report And Recommendation in which to file objections to said Opinion/Report And Recommendation

and advised the Plaintiff that a failure to timely file objections would result in the waiver of his right to appeal from a judgment of this Court based upon said Opinion/Report And Recommendation.

The docket in the above-styled civil action reflects that the Plaintiff received a copy of Magistrate Judge Kaull's February 29, 2008, Opinion/Report And Recommendation on March 4, 2008.  The Court's review of the docket in the above-styled action has revealed that the Plaintiff has not, to date, filed any objections to Magistrate Judge Kaull's February 29, 2008, Opinion/Report And Recommendation.  Accordingly, this matter is now ripe for review.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the Magistrate Judge's findings to which objection is made. The Court is not, however, required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the findings or recommendation to which no objections are addressed.  Thomas v. Arn, 474 U.S. 140, 150 (1985).  In addition, failure to file timely objections constitutes a waiver of *de novo* review and the Plaintiff's right to appeal this Court's Order.  28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

Upon consideration of Magistrate Judge Kaull's February 29, 2008, Opinion/Report And Recommendation, and having received no written objections thereto, it is

**ORDERED** that the Opinion/Report And Recommendation entered by United States Magistrate Judge John S. Kaull on February 29, 2008 (Docket No. 18), be, and the same is hereby, **ACCEPTED** in whole and the above-styled civil action be disposed of in accordance with the recommendation of the Magistrate Judge.  Accordingly, it is

**ORDERED** that the above-styled civil action be, and the same is hereby, **DISMISSED without prejudice** for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

It is further

**ORDERED** that the Clerk of Court shall enter judgment for the Defendants. It is further

**ORDERED** that, should the Plaintiff desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within thirty (30) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure. The $5.00 filing fee for the notice of appeal and the $450.00 docketing fee should also be submitted with the notice of appeal. In the alternative, at the time the notice of appeal is submitted, the Plaintiff may, in accordance with the provisions of Rule 24(a) of the Federal Rules of Appellate Procedure, seek leave to proceed *in forma pauperis* from the United States Court of Appeals for the Fourth Circuit.

The Clerk of Court is directed to transmit copies of this Order to the *pro se* Plaintiff and to any counsel of record.

      **ENTER:** February __24__, 2009

        **/S/ Robert E. Maxwell**
        United States District Judge